```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                Case No. 18-00002-RNO
Brian Stumpf                                                          Chapter 13
Maria Stumpf
        Debtors                      CERTIFICATE OF NOTICE
District/off: 0314-5          User: MMchugh                 Page 1 of 2                   Date Rcvd: Mar 23, 2018
                              Form ID: pdf002               Total Noticed: 49


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 25, 2018.
db/jdb         +Brian Stumpf,    Maria Stumpf,    130 Mountain Top Drive,    Dingmans Ferry, PA 18328-9128
cr              Wells Fargo Bank, N.A., Default Document Processin,    N9286-01Y, 1000 Blue Gentian Road,
                 Eagan, MN 55121-7700
5007646        +Anesthesia Associates of Morristown,    100 Madison Ave,    Morristown, NJ 07960-6136
5007647         Atlantic Health Systems,    Re: Newton & Morristown Med Centers,    PO Box 35610,
                 Newark, NJ 07193-5610
5007648        +Atlantic Medical Group,    PO Box 419101,    Boston, MA 02241-9101
5007649         B&B Collections, Inc.,    PO Box 2137,    Toms River, NJ 08754-2137
5007650         Barclaycard,    PO Box 13337,    Philadelphia, PA 19101-3337
5007651         Berkheimer Tax Innovations,    Re: Pocono Mtn Lake Estate,    PO Box 21450,
                 Lehigh Valley, PA 18002-1450
5007655        +CMRE Financial Services, Inc.,    3075 E. Imperial Highway, Suite 200,    Brea, CA 92821-6753
5032040         Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
5007653         Chase Cardmember Services,    PO Box 15298,    Wilmington, DE 19850-5298
5007654         Citi Cards,    PO Box 6500,    Sioux Falls, SD 57117-6500
5007656        +Comenity Bank (Paypal),    Bankruptcy Department,    PO Box 5018,    Timonium, MD 21094-5018
5007657        +Creditech Collection Solutions,    PO Box 99,    Bangor, PA 18013-0099
5007658         David B. Watner,    Attorney at Law,    PO Box 6189,    West Caldwell, NJ 07007-6189
5007660         Donaldson & Chiera RN Family,    Health NP PC,    10 Gagnon Drive,    Stone Ridge, NY 12484-5120
5007661         Emergency Medical Associates,    PO Box 6131,    Parsippany, NJ 07054-7131
5007662        +Emergency Medical Associates Westchester,    3 Century Drive,    Parsippany, NJ 07054-4610
5007663        +Home Depot Credit Services,    PO Box 790328,    St. Louis, MO 63179-0328
5007665         ImageCare Center,    Radiologic Associates of NNJ, PA,    PO Box 10728,
                 Lancaster, PA 17605-0728
5007664        +ImageCare Center at Newton,    222 High Street, Suite 101,    Newton, NJ 07860-9604
5007667        +Michael Harrison,    Attorney at Law,    3155 State Route 10 Suite 214,
                 Denville, NJ 07834-3430
5007668        +Mobile Life Support Service, Inc.,    35 Peach Place,    Middletown, NY 10940-6943
5007669         Morris Imaging Associates, PA,    PO Box 6750,    Portsmouth, NH 03802-6750
5007671        +Nationstar Mortgage LLC,    d/b/a Mr. Cooper,    8950 Cypress Waters Blvd.,
                 Dallas, TX 75019-4620
5024811        +Nationstar Mortgage LLC d/b/a Mr. Cooper,    P.O. Box 619096,    Dallas, TX 75261-9096
5033959         Newton Medical Center,    c/o CCCB,    PO Box 1750,    Whitehouse Station, NJ 08889-1750
5007673        +Pocono Mountain Lake Estates,    2095 Milford Road,    Bushkill, PA 18324-8292
5007675         Remex, Inc.,    307 Wall Street,    Princeton, NJ 08540-1515
5007677        +TD Bank USA, N.A.,    c/o Target Card Services,    PO Box 9500,    Minneapolis, MN 55440-9500
5007678         Wakefield & Associates,    PO Box 50250,    Knoxville, TN 37950-0250
5025667         Wells Fargo Bank N.A., d/b/a Wells Fargo Dealer Se,    P.O. BOX 19657,    IRVINE, CA 92623-9657
5007679        +Wells Fargo Bank, N.A.,    PO Box 10335,    Des Moines, IA 50306-0335
5009735         Wells Fargo Bank, N.A.,    Default Document Processing,    N9286-01Y, 1000 Blue Gentian Road,
                 Eagan, MN 55121-7700
5007680         Wells Fargo Dealer Services,    MAC T9017-026,    PO Box 168048,    Irving, TX 75016-8048

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5007652        +E-mail/Text: bankruptcy@certifiedcollection.com Mar 23 2018 19:07:43
                 Certified Credit & Collection Bureau,    PO box 1750,    Whitehouse Station, NJ 08889-1750
5007659         E-mail/Text: mrdiscen@discover.com Mar 23 2018 19:07:30      Discover Card,    PO Box 30943,
                 Salt Lake City, UT 84130-0943
5010396         E-mail/Text: mrdiscen@discover.com Mar 23 2018 19:07:30      Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
5007666         E-mail/Text: bnckohlsnotices@becket-lee.com Mar 23 2018 19:07:32      Kohls Department Store,
                 PO Box 3043,    Milwaukee, WI 53201-3043
5033366         E-mail/PDF: resurgentbknotifications@resurgent.com Mar 23 2018 19:11:38
                 LVNV Funding, LLC its successors and assigns as,    assignee of Citibank, N.A.,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5007670         E-mail/Text: Bankruptcies@nragroup.com Mar 23 2018 19:08:23      National Recovery Agency,
                 PO Box 67015,    Harrisburg, PA 17106-7015
5007672         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 23 2018 19:07:45      PA Department of Revenue,
                 Bankruptcy Division,    PO Box 280946,    Harrisburg, PA 17128-0946
5034142         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 23 2018 19:05:05
                 Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
5008008        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 23 2018 19:05:47
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5021157         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 23 2018 19:07:45
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, Pa. 17128-0946
5007674         E-mail/Text: lisapearn.pma@gmail.com Mar 23 2018 19:07:44      Pulmonary Medical Associates LLP,
                 222 High Street, Suite 102,    Newton, NJ 07860-9604
5031519         E-mail/Text: bnc-quantum@quantum3group.com Mar 23 2018 19:07:43
                 Quantum3 Group LLC as agent for,    MOMA Funding LLC,    PO Box 788,    Kirkland, WA 98083-0788
5007676         E-mail/PDF: gecsedi@recoverycorp.com Mar 23 2018 19:05:03      Synchrony Bank (Amazon),
                 Attn: Bankruptcy Dept.,    PO Box 965060,    Orlando, FL 32896-5060
```

```
District/off: 0314-5         User: MMchugh        Page 2 of 2         Date Rcvd: Mar 23, 2018
                             Form ID: pdf002      Total Noticed: 49
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
```
5034252        +E-mail/Text: bncmail@w-legal.com Mar 23 2018 19:07:58     TD Bank USA, N.A.,
                c/o Weinstein & Riley PS,   2001 Western Ave,   Suite 400,   Seattle, WA 98121-3132
                                                                                         TOTAL: 14

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                               TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 25, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 23, 2018 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
              James      Warmbrodt    on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper
               bkgroup@kmllawgroup.com
              Steven R Savoia    on behalf of Debtor 1 Brian    Stumpf ssavoia@ptd.net
              Steven R Savoia    on behalf of Debtor 2 Maria    Stumpf ssavoia@ptd.net
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                           TOTAL: 5
```

Case 5:18-bk-00002-RNO    Doc 26    Filed 03/25/18    Entered 03/26/18 00:42:41    Desc
                      Imaged Certificate of Notice    Page 2 of 12

Rev. 12/01/17

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | CHAPTER 13 |
|---|---|
| BRIAN STUMPF AND<br>MARIA STUMPF<br>aka MARIAELENA STUMPF<br>aka MARIA E. STUMPF | CASE NO. 5-18-002-RO<br><br>✓ ORIGINAL PLAN<br>☐ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)<br>1 Number of Motions to Avoid Liens<br>1 Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ -0- (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit

payments through the Trustee as set forth below. The total base plan is $ 10,020.00 , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 2/18 | 1/23 | 167.00 | | | 10,020.00 |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | 10,020.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ( ✓ ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        ( ) Debtor is over median income. Debtor calculates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $ -0- . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

    ✓  No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

    ___  Certain assets will be liquidated as follows:

    2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of

property known and designated as _____ _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

   ✓ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   ___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

   | Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
   |---|---|---|
   |  |  |  |

   1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

   ___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

   ✓ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Mr. Cooper | Ds' Res. 130 Mountaintop Dr. Dingmans Ferry PA | 2223 |
| Wells Fargo | 2012 Honda Pilot | 9494 |
| | | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✓ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Mr. Cooper | Ds' Res. - See I.2.C. Above | 4,400.00 | | 4,400.00 |
| Wells Fargo | 2012 Honda Pilot | 830.00 | | 830.00 |
| PMLE CA | Ds' Res. - See I.2.C. Above | 1,600.00 | | 1,600.00 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

✓ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

✓ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| Wells Fargo Bank N.A. | Ds' Res. - See I.2.C. Above | No Value |  | 0.00 | Plan |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

5

F. **Surrender of Collateral.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✓ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| | | |
|---|---|---|
| The name of the holder of the lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien avoided. | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of $ 2,000.0 already paid by the Debtor, the amount of $ 2,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

6

b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ✓  None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   ___  The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **<u>Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below)</u>.** *Check one of the following two lines.*

   ___  None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

   ✓  Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| PA Dept of Rev | 600.00 |
|  |  |
|  |  |

C. **<u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>.** *Check one of the following two lines.*

   ✓  None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

   ___  The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4))*.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

   | Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
   |---|---|---|---|---|
   |  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

   | Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
   |---|---|---|---|---|---|---|
   |  |  |  |  |  |  |  |
   |  |  |  |  |  |  |  |
   |  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ___ plan confirmation.
   ✓ entry of discharge.

8

  ___ closing of case.

7. **DISCHARGE: (Check one)**

  (✓) The debtor will seek a discharge pursuant to § 1328(a).
  ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9

Case 5:18-bk-00002-RNO   Doc 26   Filed 03/25/18   Entered 03/26/18 00:42:41   Desc
Imaged Certificate of Notice   Page 11 of 12

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: January 2, 2018              /s/ Steven R. Savoia (Atty ID# 92253)
                                    Attorney for Debtor

                                    /s/ Brian Strumpf
                                    Debtor

                                    /s/ Maria Stumpf
                                    Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.